UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DeGERALD ROY WILSON, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| MICHAEL J. ASTRUE, | § | SA-07-CV-1038 XR (NN) |
| Commissioner of the Social | § | |
| Security Administration, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

**TO:**   Hon. Xavier Rodriguez
United States District Judge

This memorandum and recommendation recommends dismissal of this case, and in the alternative, transfer to the Southern District of Texas. I have jurisdiction to enter this memorandum and recommendation under 28 U.S.C. § 636(b) and this district's general order, dated July 17, 1981, referring all cases where a plaintiff seeks review of the Commissioner's denial of the plaintiff's applications for benefits for disposition by recommendation.[1]

**Background of the Case**

Plaintiff DeGerald Roy Wilson filed this case after the Commissioner of the Social Security Administration (the Commissioner) determined that Wilson is not disabled under the Social Security Act. Wilson filed the case when he resided in San Antonio, Texas.[2] Since filing

---

[1]*See* Local Rules for the Western District of Texas, appx. C, p. 10.

[2]*See* docket entry # 1 (address provided on civil cover sheet).

the case, Wilson moved to Houston, Texas.³  Because Houston is located in the Southern District of Texas, the Commissioner moved for a change of venue to that district.⁴  In the process of considering the motion, I have determined and recommend that the district court find that it lacks subject matter jurisdiction over Wilson's claims.

## Subject Matter Jurisdiction

The district court has jurisdiction to review the Commissioner's final decision as provided by 42 U.S.C. §§ 405(g), 1383(c)(3).  Those provisions permit the district court to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the proper legal standards in evaluating the evidence.⁵  The Supreme Court has also indicated that when constitutional questions are in issue, the availability of judicial review is presumed.⁶  The Court reasoned that constitutional questions are unsuited to resolution in the administrative hearing process, making access to the courts essential to the decision of such questions.⁷

Wilson's complaint presents the following question: "Are race, genetics, color, gender a noted, known statistical factors [sic] pertinent to those awarded SSI, DIB benefits most often

---

³*See* docket entry # 11 (notification of change of address).

⁴*See* docket entry # 15.

⁵*Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); 42 U.S.C. §§ 405(g), 1383(c)(3).

⁶*See Califano v. Sander*s, 430 U.S. 99, 109 (1977) (considering the reviewability of denial of motion to reopen prior application for Social Security benefits).

⁷*See Califano*, 430 F.3d at 173.

versus those denied, found unfavorable?"[8]  This question is not cognizable under provisions that give the district court jurisdiction to review a final decision of the Commissioner because it does not address whether substantial evidence supports the Commissioner's decision or whether the Commissioner applied the proper legal standards in evaluating the evidence.  The district court could construe the allegation, "I have presented other medical evaluation analysis that were apparently not utilized to determine the handicap disabilities for the case,"[9] as a challenge to the weight the ALJ gave particular evidence, but the remainder of Wilson's complaint indicates that such construction is inappropriate.  Most of Wilson's complaint alleges race and gender discrimination in the abstract.

Although under some circumstances, allegations of race and gender discrimination might raise a colorable constitutional claim, Wilson's allegations do not.  Wilson's complaint is stated in terms of the general population, rather than in terms of himself which would give Wilson standing to bring such a challenge.  Wilson complains about (1) being a potential victim of hiring employment discrimination;[10] (2) the terms "substantial" and "gainful" are defined without the consideration of discrimination in the economy;[11] (3) past charges of employment discrimination;[12] (4) racism against African Americans in American history;[13] (5) that SSI and

---

[8] *See* docket entry # 5, p. 7.

[9] *See id.* at p. 4.

[10] *See id.*

[11] *See id.* at p. 5.

[12] *Id.*

[13] *Id.*

DIB benefits are awarded more frequently to children and mothers than to single men;[14] (6) exploitation of minorities in America;[15] (7) the prevalence of HIV/AIDS in Southern African populations;[16] (8) genocide, black-on-black crime, and higher incarceration rates amongst African Americans;[17] and (9) a diagnosis of schizophrenia based on continual racism, crime, hate, and worsening discrimination.[18]  Very liberally construed, Wilson challenges the consideration of race and gender in awarding disability benefits.  He does not allege that he was denied disability benefits because of his race or gender.  Without such an allegation, Wilson has failed to allege a colorable constitutional claim.[19]  The case is appropriately dismissed for lack of jurisdiction.

## Venue

If the district court construes Wilson's complaint as challenging the sufficiency of the evidence supporting the Commissioner's decision or challenging the legal standards the

---

[14]*Id*. at p. 6.

[15]*Id*.

[16]*Id*.

[17]*Id*.

[18]*Id*. at p. 7.

[19]*See Robertson v. Bowen*, 803 F.2d 808, 810 (5th Cir. 1986) (explaining that mere allegation of denial of due process doesn't constitute  colorable constitutional claim—if it did, every decision about Social Security benefits would be reviewable by the inclusion of magic words).  *See also Hardin v. Chater*, No. 95-60557, 1996 WL 457416, at * 2 (5th Cir. July 15, 1996) (stating that mere conclusory allegations that a disability claimant's constitutional rights were violated, without more, do not establish a colorable constitutional claim); *Waddell v. Mueller*, No. 93-8778, 1994 WL 499641, at *1 (5th Cir. Aug. 22, 1994) ("Mere conclusional assertions are insufficient to vest jurisdiction.").

Commissioner used in evaluating the evidence, it must consider the Commissioner's motion to change venue. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[20] A case against the government may be brought "in the judicial district where the plaintiff resides . . . ."[21] Although the Commissioner did not advance an argument about the convenience of parties and witnesses or the interest of justice, Wilson did not object to a transfer of venue. Wilson is a frequent litigator in this court and as such should be familiar with the consequences of failing to respond to motions.[22] Venue is proper in the Southern District of Texas because Wilson now resides in that district. Wilson implicitly agreed to a change of venue by failing to respond to the Commissioner's motion. A change of venue is proper.

## Recommendation

The district court has previously observed that Wilson is a serial filer of employment discrimination lawsuits against any entity for which he was denied employment.[23] His complaint

---

[20] 28 U.S.C. § 1404(a).

[21] 28 U.S.C. § 1402(a).

[22] *See* docket entry # 7, SA-03-CV-1015-RF (accepting memorandum and recommendation and dismissing case after Wilson failed to object); docket entry # 7, SA-03-CV-1016-RF (same); docket entry # 7, SA-03-CV-1017-RF (same); docket entry # 7, SA-03-CV-1018-RF (same); docket entry # 7, SA-03-CV-1019-RF(same); docket entry # 7, SA-03-CV-1020-RF (same); docket entry # 7, SA-03-CV-1066-RF (same); docket entry # 8, SA-05-CV-1137-XR (accepting memorandum and recommendation and dismissing case after considering Wilson's objections ); docket entry # 8, SA-06-CV-872-RF (accepting memorandum and recommendation and dismissing case after Wilson failed to object).

[23] *See* docket entry # 8, SA-05-CV-1137-XR, p. 5.

in this case mirrors his complaints in his previous cases,[24] cases in which the district court found that Wilson had failed to state a nonfrivolous claim. Because the district court lacks jurisdiction over Wilson's claim, I recommend DISMISSING this case. If the district court construes Wilson's complaint as challenging the sufficiency of the evidence supporting the Commissioner's decision or challenging the legal standards the Commissioner used in evaluating the evidence, I recommend GRANTING the Commissioner's unopposed motion (docket entry # 15) and TRANSFERRING this case to the Southern District of Texas.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this memorandum and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this memorandum and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.[25] **Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge.** A party filing objections must specifically identify those findings, conclusions or

---

[24] *See* docket entry # 5, SA-03-CV-1015-RF (reporting that Wilson alleged defendant failed to hire him because of race and gender); docket entry # 5, SA-03-CV-1016-RF (same); docket entry # 5, SA-03-CV-1017-RF (same); docket entry # 5, SA-03-CV-1018-RF (same); docket entry #5, SA-03-CV-1019-RF (same); docket entry # 5, SA-03-CV-1020-RF (same); docket entry # 5, SA-03-CV-1066-RF (reporting that Wilson alleged defendant failed to hire him because of race, gender and disability); docket entry # 8, SA-05-CV-1137-XR (stating that Wilson complained about not being hired because of race, gender and disability); docket entry # 8, SA-06-CV-872-RF (reporting that Wilson alleged defendant failed to hire him because of race, age and disability).

[25] 28 U.S.C. §636(b)(1); FED. R. CIV. P. 72(b).

recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[26]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[27]

**SIGNED** on March 30, 2008

*[signature]*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[26] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[27] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).